**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **ELMER SINGLETON JR. and THEODORE DAVIS, individually, and on behalf of all other persons similarly situated,**      **Plaintiffs,** <br><br> **v.** <br><br> **B.L. DOWNEY COMPANY LLC,** <br><br> **Defendant.** | ) <br> ) <br> ) <br> ) <br> ) <br> ) **Case No.** <br> ) **1:21-cv-236** <br> ) <br> ) <br> ) <br> ) <br> ) |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, Defendant B.L. Downey Company LLC ("Defendant") hereby removes the case entitled *Elmer Singleton Jr. and Theodore Davis v. B.L. Downey Company LLC*, No. 2020 CH 07172, from the Circuit Court of Cook County, Illinois (the "Action"). In support of this Notice of Removal, Defendant states:

**The Action**

1.	Plaintiffs Elmer Singleton Jr. ("Singleton") and Theodore Davis ("Davis") (collectively "Plaintiffs") filed the Action in the Circuit Court of Cook County, Illinois, County Department, Chancery Division, on behalf of a putative class of current and former employees of Defendant, on December 9, 2020.

2.	As required by 28 U.S.C. §1446(a), the Complaint, Summons and all other "process, pleadings, and orders" served to date on Defendant are attached hereto as Exhibit A.  A copy of the state court docket sheet as of the time of removal is attached as Exhibit B.

3.	As required by 28 U.S.C. §1446(d), written notice of this Notice of Removal

will be sent promptly to Plaintiffs' counsel by email and U.S. Mail, and promptly filed with the Clerk of the Circuit Court of Cook County.

## Venue and Procedural Steps

4.      The United States District Court for the Northern District of Illinois is the appropriate venue for removal of the Action.

5.      Under 28 U.S.C. §1441, a civil action brought in any state court in which the district courts of the United States have original jurisdiction are to be removed to the district court for the district and division embracing the place where the state court action is pending. The Action was filed in Cook County, Illinois, which is located in this judicial district and division.

## Timeliness of Removal

6.      Plaintiffs served Defendant with the Summons and Complaint on December 18, 2020. (*See* Summons attached as part of Exhibit A).

7.      Pursuant to 28 U.S.C. § 1446(b)(1), if the grounds for removal are apparent on the face of the initial pleading, "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter."

8.      Here, for the reasons explained below, the grounds for removal are apparent on the face of the Complaint.

9.      Defendant files this Notice of Removal on January 15, 2021, which is the twenty-eighth day after Plaintiffs served the Complaint on Defendant on December 18, 2020. Accordingly, this Notice of Removal is timely.

**Complaint Allegations**

10.     Plaintiffs, former employees of Defendant, allege that Defendant maintained a biometric timekeeping system and, in using that system, violated the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1, *et seq.*, in the following ways: (1) "fail[ing] to develop and adhere to a publicly available retention schedule or guidelines for permanently destroying biometric identifiers and biometric information"; (2) "systemically and automatically collect[ing], obtain[ing], us[ing], stor[ing] and disseminat[ing] Plaintiffs' and the Class' biometric identifiers and/or information without first obtaining the written release required by 740 ILCS § 14/15 (B)(3)"; (3) not "inform[ing] Plaintiffs and the Class in writing that their biometric identifiers and/or biometric information were being collected, obtained, stored, used and disseminated"; (4) not informing Plaintiffs and the Class "in writing of the specific purpose(s) and length of term for which their biometric identifiers and/or biometric information were being collected, stored, used, and disseminated"; and (5) "systemically and automatically disclos[ing], redisclos[ing], or otherwise disseminat[ing] Plaintiffs' and the Class' biometric identifiers and/or biometric information without first obtaining the consent required by 740 ILCS § 14/15(d)(1)." (Exhibit A, Compl., ¶¶ 75, 84, 85, 94).

11.     For themselves and each member of the putative class, Plaintiffs seek: (1) declaratory relief; (2) injunctive and equitable relief; (3) statutory damages of $5,000 for each intentional or reckless violation of the BIPA or, alternatively, $1,000 for each negligent violation of the BIPA; and (4) reasonable attorney's fees and costs. (Exhibit A, Compl., prayers for relief for Causes of Action I-III).

12.     Plaintiffs propose certification of the following class: "[a]ll individuals who work or have worked for B.L. Downey in the State of Illinois who had their fingerprints collected,

captured, received, or otherwise obtained, maintained, stored or disclosed by Defendant during the applicable statutory period." (Exhibit A, Compl., ¶ 59).

13.     As demonstrated below, this Action is properly removed to this Court.  Defendant reserves, and does not waive, any objections it may have to service, jurisdiction, or venue, and any and all other defenses or objections to the Action.

### Basis for Removal:  Plaintiffs' Claims are Preempted under the LMRA

14.     Removal is proper under the 28 U.S.C. §1331, which provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

15.     Plaintiffs' claims are subject to preemption under the Labor Management Relations Act ("LMRA"), 29 U.S.C. §185 because at all relevant times, Plaintiffs worked in bargaining unit positions covered by the collective bargaining agreement ("CBA") between Defendant and the United Steelworkers, Local 7-507 ("Union").

16.     Section 301 of the LMRA provides for federal subject matter jurisdiction – and federal preemption – over "claims founded directly on rights created by collective-bargaining agreements, and also claims 'substantially dependent on analysis of a collective bargaining agreement.'" *See Peatry v. Bimbo Bakeries USA, Inc*., No. 19 C 2942, 2020 U.S. Dist. LEXIS 32577, *5 (N.D. Ill. Feb. 26, 2020), *citing Caterpillar Inc. v. Williams,* 482 U.S. 386, 394 (1987). "If the resolution of a state law claim depends on the meaning of, or requires interpretation of, a collective bargaining agreement, the application of state law is preempted and federal labor law principles must be employed to resolve the dispute." *See Peatry,* 2020 U.S. Dist. LEXIS 32577, at *6, *citing Atchley v. Heritage Cable Vision Assocs.,* 101 F.3d 495, 499 (7th Cir. 2013).

17.     Defendant employed Singleton from October 30, 2017 through April 4, 2018, and

employed Davis from July 3, 2017 through May 23, 2018 and from September 5, 2018 through

June 28, 2019. (Exhibit C, Declaration of David Wasz, ¶¶ 4 & 5).

18.      Within the five years preceding the filing of Plaintiffs' Complaint and for the

entire duration of Plaintiffs' employment with Defendant, Defendant was a party to a CBA with

the Union.[1] (Ex. B, ¶6).  Copies of the collective bargaining agreements that have been in effect

for the last five years are attached hereto as Exhibits D, E, and F and are referred to collectively as

the "CBA".

19.      During the entire duration of Plaintiffs' employment with Defendant, Plaintiffs

worked in bargaining unit positions and, as such, the terms and conditions of their employment

were subject to the terms of the CBA. (*Id.*, ¶ 7). The CBA recognizes the Union as the exclusive

bargaining representative for employees and includes a management rights clause and a mandatory

grievance procedure.  (*Id.*, ¶ 8)

20.      Section 301 of the LMRA also grants exclusive jurisdiction to federal district

courts over disputes involving collective bargaining agreements to promote consistent resolution

of labor disputes that must be decided under federal law.  *See Allis-Chalmers Corp. v. Lueck,* 417

U.S. 202, 210-11 (1985); *see also Fernandez v. Kerry, Inc.,* No. 17-CV-08971, 2020 WL 1820521

(N.D. Ill. Apr. 10, 2020) (holding that because plaintiffs' BIPA claims necessarily required

interpretation of the collective bargaining agreement, it is preempted under the LMRA and

therefore, the district court had original jurisdiction over the claim and the case was removable);

*Gil v. True World Foods Chicago, LLC*, No. 20 C 2362, 2020 WL 7027727 (N.D. Ill. Nov. 30,

2020) (same).

---

[1] The longest potential statutory period under the BIPA is five years. Defendant does not concede
that a five year statute of limitations applies to Plaintiffs' claims under the BIPA nor does it waive
any right to challenge the applicable statute of limitations in this matter.

21.     The Seventh Circuit Court of Appeals has held that BIPA claims brought against an employer whose labor contracts are subject to the Railway Labor Act, which is analogous to the LMRA in respects relevant here, must be arbitrated even where the BIPA and biometric timekeeping systems were not expressly referenced in the collective bargaining agreement. *Miller v. Southwest Airlines Co.*, 926 F.3d 898, 903 (7th Cir. 2019). The court ruled that such issues were subject to mandatory bargaining, and whether the union consented on behalf of employees was a threshold issue. *Id.* Moreover, the "plaintiffs assert[ed] a right in common with all other employees, dealing with a mandatory subject of collective bargaining," and, thus, preemption applied. *Id.* at 904.

22.     In *Fernandez* and *Gill*, this Court held that BIPA claims brought against an employer whose labor contracts are subject to the LMRA must be arbitrated even where the BIPA and biometric timekeeping systems were not expressly referenced in the collective bargaining agreement. *See Fernandez*, 2020 WL 1820521 at *3-6; *Gill*, 2020 WL 7027727 at *2-3. In so holding, this Court reiterated that the Seventh Circuit's holding in *Miller* "controls the court's decision" in BIPA cases where the terms and conditions of plaintiffs' employment with Defendant are or were governed by a CBA subject to LMRA preemption. *See also, Gill*, 2020 WL 7027727 at *2 ("The rule and reasoning of *Miller* apply to the LMRA because the RLA preemption standard is 'virtually identical to the preemption standard the Court employs in cases involving § 301 of the LMRA'.").

23.     Because the Plaintiffs' Union was their "legally authorized representative" for the purpose of determining whether they received the required BIPA disclosures and given the consent required under BIPA, and Plaintiffs' BIPA claims deal with a mandatory subject of collective bargaining, the mechanism through which workers clock in and out, Plaintiffs' claims require

interpretation of the CBA and are therefore preempted by Section 301 of the LMRA.

24.     Thus, federal preemption under Section 301 of the LMRA, and related issues that are significant in this matter, warrant removal to and litigation in this Court.

**WHEREFORE**, Defendant B.L. Downey Company LLC hereby removes case number 2020 CH 07172 pending in the Circuit Court of Cook County, Illinois, County Department, Chancery Division, to the United States District Court for the Northern District of Illinois, Eastern Division.

Dated: January 14, 2021          Respectfully submitted,

**SCHIFF HARDIN LLP**

By: *s/Paula M. Ketcham*

Derek G. Barella
Paula M. Ketcham
Michael P. Wissa
Schiff Hardin LLP
233 South Wacker Drive, Suite 7100
Chicago, Illinois  60606
Tel.: 312.258.5500
Fax: 312.258.5600
DBarella@schiffhardin.com
PKetcham@schiffhardin.com
MWissa@schiffhardin.com

*Attorneys for Defendant B.L. Downey Company LLC*

## CERTIFICATE OF SERVICE

I, Michael Wissa, an attorney, certify that on January 15, 2021, I caused a true and correct copy of the attached *Notice of Removal* to be served on the following counsel of record for Plaintiffs by email and U.S. mail at the following address:

James B. Zouras
Ryan F. Stephan
Catherine T. Mitchell
Stephan Zouras, LLP
100 N Riverside Plaza #2150
Chicago, IL 60606
jzouras@stephanzouras.com
rstephan@stephanzouras.com
cmitchell@stephanzouras.com

*s/ Michael Wissa*
One of Defendant's attorneys

CH2\24318658.1