IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ELMER SINGLETON JR. and THEODORE DAVIS, individually, and on behalf of all other persons similarly situated,<br><br>                Plaintiffs,<br>v.<br><br>B.L. DOWNEY COMPANY LLC,<br><br>                Defendant. | )<br>)<br>)<br>) Case No. 1:21-cv-00236<br>)<br>) Hon. Judge Thomas M. Durkin<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(1)**

Defendant, B.L. Downey Company LLC ("B.L. Downey" or "Defendant") hereby moves to dismiss Plaintiffs' Class Action Complaint ("Complaint") for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). In support of its Motion, Defendant states as follows:

1. Plaintiffs Elmer Singleton Jr. ("Singleton") and Theodore Davis ("Davis") (collectively "Plaintiffs") filed their Complaint on December 9, 2020 against Defendant in the Circuit Court of Cook County, Illinois, alleging violations of the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1, *et seq*.

2. Defendant was served with the Complaint on December 18, 2020.

3. On January 15, 2021, B.L. Downey timely removed this matter to the United States District Court for the Northern District of Illinois, on the grounds that Plaintiffs' BIPA claims are preempted by Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §185. (Dkt. 1).

4. B.L. Downey now moves to dismiss the Complaint for lack of subject matter

jurisdiction, because Plaintiffs' claims are preempted by Section 301 of the LMRA, which preempts "claims founded directly on rights created by collective bargaining agreements, and also claims 'substantially dependent on analysis of a collective bargaining agreement.'" *See Peatry v. Bimbo Bakeries USA, Inc.*, No. 19 C 2942, 2020 WL 919202 at *2-3 (N.D. Ill. Feb. 26, 2020), *citing Caterpillar Inc. v. Williams,* 482 U.S. 386, 394 (1987); *see also Miller v. Southwest Airlines Co.*, 926 F.3d 898 (7th Cir. 2019).

5. Plaintiffs' claims fall squarely within the scope of the applicable collective bargaining agreement in effect during their employment with B.L. Downey. Thus, their claims are subject to LMRA preemption and must be dismissed in accordance with Rule 12(b)(1).

6. In support of this motion, B.L. Downey submits the accompanying Memorandum of Law.

**WHEREFORE**, Defendant B.L. Downey Company LLC respectfully requests that its Motion be granted and that Plaintiffs' Complaint be dismissed with prejudice.

Dated: January 22, 2021

Respectfully submitted,

**SCHIFF HARDIN LLP**

By: *s/Paula M. Ketcham*

Derek G. Barella
Paula M. Ketcham
Michael P. Wissa
Schiff Hardin LLP
233 South Wacker Drive, Suite 7100
Chicago, Illinois 60606

Tel.: 312.258.5500  
Fax: 312.258.5600  
DBarella@schiffhardin.com  
PKetcham@schiffhardin.com  
MWissa@schiffhardin.com  

*Attorneys for Defendant B.L. Downey Company LLC*

**CERTIFICATE OF SERVICE**

    I, Michael Wissa, an attorney, certify that on January 22, 2021, I caused a true and correct copy of the foregoing *DEFENDANT'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(1)* to be served upon all counsel of record through the Court's electronic notification system.

*s/ Michael Wissa*
One of Defendant's attorneys

CH2\24367559.1