UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ELMER SINGLETON JR. and THEODORE DAVIS, individually and on behalf of all other similarly situated, | No. 21 C 236 |
| Plaintiffs, | Judge Thomas M. Durkin |
| v. | |
| B.L. DOWNEY COMPANY LLC, | |
| Defendant. | |

MEMORANDUM OPINION AND ORDER

Elmer Singleton and Theodore Davis bring this putative class action alleging that their former employer, B.L. Downey Company LLC, violated the Illinois Biometric Information Privacy Act ("BIPA"). Downey has filed a motion to dismiss, arguing that Plaintiffs' claims are preempted by the Labor Management Relations Act. R. 11; R. 12. That motion is granted.[1]

---

[1] Generally, dismissal of a state law claim as preempted is considered a dismissal for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). *See Miller v. Sw. Airlines Co.*, 926 F.3d 898, 901 (7th Cir. 2019). The Seventh Circuit has noted, however, that none of its decisions "considers the effect of the Supreme Court's modern understanding of the difference between 'jurisdiction' and other kinds of rules," particularly with regard to federal labor statutes. See *Miller v. Sw. Airlines Co.*, 926 F.3d 898, 901 (7th Cir. 2019) (citing *Fort Bend County v. Davis*, 139 S. Ct. 1843 (2019); *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 831 (7th Cir. 2014)). The Seventh Circuit noted further that granting a motion like this under "either a substantive or a jurisdictional label ends the litigation between these parties and forecloses its continuation in any other judicial forum." *Miller*, 926 F.3d at 901. Thus, because it is inconsequential, the Court will not dwell on this issue.

Downey scans and stores its employees' fingerprints in order to record when they clock in and out of work. Plaintiffs allege, in sum, that this violates BIPA because Downey failed to obtain Plaintiffs' consent and tell them how their fingerprint information would be disclosed to third parties in the process.

Plaintiffs' employment with Downey was subject to a collective bargaining agreement containing the following "management rights clause":

> [t]he Company shall manage the plant and direct the working force. Among the exclusive rights of management, but not intended as a wholly inclusive list of them, are the exclusive rights to plan, direct and control plant operations; to schedule the working hours and lunch periods; to transfer; to assign work to employees; to hire; to promote; to demote, to discipline; to suspend; to discharge for proper cause; to make and enforce shop rules to carry out the management of the plant; to relieve employees from duty because of lack of work or for any other legitimate reason; to introduce new production methods, materials or facilities. The choice of, control, and direction of the supervisory employees are vested exclusively in the company.

R. 12-1 at 10 (Article 7); *see also* R. 12-2; R. 12-3. In *Miller v. Southwest Airlines*, the Seventh Circuit held that a substantially similar management rights clause meant that BIPA claims about clocking in and out of work were preempted by the Railway Labor Act. 926 F.3d 898 (7th Cir. 2019).

The Railway Labor Act does not apply to Plaintiffs in this case. (At least, neither party has argued that it does.) But Downey points out that the preemption analyses under the Railway Labor Act ("RLA") and the Labor Management Relations Act ("LMRA") are "virtually identical." *See Hawaiian Airlines, Inc. v. Norris*, 512 U.S. 246, 247 (1994); *Brown v. Ill. Cent. R.R. Co.*, 254 F.3d 654, 667 n.13 (7th Cir. 2001)

(citing the LMRA preemption standard in a RLA case). For this reason, the Seventh Circuit has noted in dicta that preemption of BIPA claims under the LMRA "appears to flow directly from *Miller*." *See Fox v. Dakkota Integrated Sys., LLC*, 980 F.3d 1146, 1156 (7th Cir. 2020). And several district courts have acted accordingly to dismiss BIPA claims as preempted by the LMRA. *See, e.g.*, *Carmean v. Bozzuto Mgm't Co.*, 2021 WL 2433649, at *4 (N.D. Ill. June 15, 2021) (citing cases).

Plaintiffs argue that *Miller* runs contrary to the Supreme Court's preemption analysis in *Allis Chalmers Corp. v. Lueck*, 472 U.S. 202 (1985). *See* R. 22 at 3. But as Plaintiffs note in their brief, the Supreme Court later built upon its preemption analysis in *Lingle v. Norgle Div. of Magic Chef, Inc.*, 486 U.S. 399 (1988). And the Seventh Circuit applied *Lingle* in *Miller*. To the extent the Seventh Circuit got it wrong, that is an argument for the Seventh Circuit. This Court is bound to follow *Miller* and its straight-forward implications.

Nevertheless, Plaintiffs argue that *Miller's* application here is not straightforward in that the "question of whether [Downey] violated BIPA is not dependent upon any analysis of any language within the [collective bargaining agreement]." R. 22 at 5. This argument, however, runs directly counter to *Miller's* express holding. The Seventh Circuit held that "there can be no doubt that how workers clock in and out is a proper subject of negotiation between unions and employers—[and] is, indeed, a mandatory subject of bargaining." *Miller*, 926 F.3d at 903. The court also held that resolving "the employees' BIPA claims . . . would require the court to interpret the 'management-rights' clauses . . . and, specifically,

3

to decide whether the unions, through those clauses, consented to the collection and use of the employees' biometric data." *Id*. at 903-05. Plaintiffs claims in this case are similarly "dependent upon" analysis of the collective bargaining agreement, such that *Miller* controls.

Plaintiffs also contend that "there is no basis to find that the union provided a 'written release' to [Downey]," in arguing that the collective bargaining agreement's management rights clause is not relevant to Plaintiffs' BIPA claims. R. 22 at 9. Plaintiffs argue that "it does not matter if a union ['consents' to use of fingerprints] through a management rights clause, because 'consent' is not the same as a BIPA-complaint written release." *Id*. at 10. Again, this argument is contrary to *Miller* in which, as noted, the court implied that a collective bargaining agreement like the one at issue here *could* establish consent sufficient under BIPA. This Court does not have the authority to decide otherwise.

Lastly, Plaintiffs ask the Court to join Plaintiffs' union as a party and stay the case in favor of arbitration. Putting aside the fact that Plaintiffs have not made motions for this relief, it runs contrary to the LMRA and precedent regarding what to do with a case preempted by the LMRA. A state law claim completely preempted by LMRA § 301 "must either be treated as a § 301 claim, or dismissed as pre-empted by federal labor-contract law." *Allis-Chalmers*, 471 U.S. at 220. According to the Seventh Circuit, the preferred course is to treat the preempted claim as a § 301 claim. *See Healy v. Metro. Pier and Expo. Auth.*, 804 F.3d 836, 840 (7th Cir. 2015) ("Here, § 301 preempts the state law tortious interference claim and converts it into

4

a § 301 claim."); *Atchley v. Heritage Cable Vision Assocs.*, 101 F.3d 495, 501 (7th Cir. 1996) ("Because this lawsuit arose under § 301, it is considered a suit for breach of the CBA."); *Brazinski v. Amoco Petroleum Additives Co.*, 6 F.3d 1176, 1180 (7th Cir. 1993) ("[I]f the plaintiff's claim, ostensibly based on state law, cannot be adjudicated without interpretation of the collective bargaining agreement, the claim turns into a federal claim that the agreement itself has been violated."); *Douglas v. Am. Info. Techs. Corp.*, 877 F.2d 565, 573-74 (7th Cir. 1989) ("Because we have determined that Ms. Douglas' claim for intentional infliction of emotional distress is preempted by section 301, we must now determine whether the district court correctly dismissed the claim for failure to exhaust grievance and arbitration remedies available under the collective bargaining agreement.").

Following this precedent, Plaintiffs must first have "grieve[d] the dispute using the grievance process outlined in the [CBA]." *Healy*, 804 F.3d at 843. Plaintiffs do not allege or argue that they complied with the grievance procedures in the collective bargaining agreement, so their claims are dismissed without prejudice for failure to exhaust. *See Miller*, 926 F.3d at 905 (affirming dismissal without prejudice in favor of collective bargaining agreement process); *Greene v. Meese*, 875 F.2d 639, 643 (7th Cir. 1989) ("[T]he proper remedy for a failure to exhaust administrative remedies is to dismiss the suit without prejudice, thereby leaving the plaintiff free to refile his suit when and if he exhausts all of his administrative remedies or drops the unexhausted claims."); *see also Carmean v. Bozzuto Mgm't Co.,* 2021 WL 2433649, at *4 (N.D. Ill. June 15, 2021) (citing cases). And since the case must be dismissed, the

5

Court no longer has the authority to stay the case or consider joinder of additional parties.

## Conclusion

Therefore, Downey's motion to dismiss [11] [12] is granted, and the case is dismissed without prejudice.

ENTERED:

*Thomas M Durkin*

Honorable Thomas M. Durkin
United States District Judge

Dated: July 19, 2021